### LAWRENCEVILLE CEMENT CO. v. PARKER, (four cases.)

*(City Court of New York, General Term.   June 3, 1890.)*

CORPORATIONS—DISCOUNTING NOTES—EVIDENCE—PRESUMPTION.

The president of a corporation not engaged in banking discounted a note payable to his own order, and paid for it with the check of the corporation, to which he afterwards assigned the note.   *Held* that, discounting by the corporation being forbidden by statute, it will be presumed that it was not a corporate act, and that the use of its money was a wrongful appropriation thereof, in satisfaction of which it received the note, and, the president being dead, the court is not bound to credit the testimony of the defendant giving the transaction another color in order to defeat a just demand.

Appeal from trial term.

Argued before McGown and Fitzsimons, JJ.

*B. Dorar Killian* and *M. H. Cardozo,* for appellants. *Arnoux, Ritch & Woodford,* for respondents.

Per Curiam. This is an appeal from judgments rendered at trial term, in four actions, the defenses being similar. The first defense is usury, but as no corrupt agreement was proved, and the difference between the interest exacted and the legal rate is so slight that the error may well be attributed to mistake in calculation, rather than to intention or to criminal misconduct, the real defense is that the plaintiff is not a banking corporation, and discounted the notes in suit. The answer does not refer to the statute, but it is evidently intended that, by force of the statute, the discount was invalid. The difficulty we encounter in respect to this defense is twofold: *First,* the defendant was the only witness, and, being directly interested in the result, the trial judge was not bound to believe him; *next,* there is no legal evidence showing a discount of the notes by the plaintiff. The transaction was had by the defendant on the one hand, and David Scott, the payee of the note, on the other. True, Scott was the president of the corporation, and gave the defendant its checks, but they were signed by him alone, and there is no direct evidence that the corporation authorized, sanctioned, or approved of his act, and, the act being an illegal one, the presumption would naturally be against such authority or approval. Scott's knowledge is not imputable to the plaintiff. See *Bank* v. *Savery,* 82 N. Y. 291. The conduct of Scott, the payee, admits of two interpretations: one, that he did the act for the corporation under what he supposed to be his authority as such; next, that it was not a corporate act, but an individual act of his own, (the notes not being payable to the corporation, but to his own individual order, and bearing his individual indorsements on which he was individually liable,) and that he, without authority from the corporation, misappropriated its moneys by giving them to the defendant, in which case the corporation might have sued him for the misappropriation, or might have traced the funds so misappropriated by the trustee into the hands of the defendant, or into any security in which they could be identified. Such is the fact as found by the trial judge, and, as the transaction admits of two interpretations, it was for the trial court 'to determine which was correct. The trial judge also finds that Scott subsequently made reparation for the wrong by delivering the notes over to the plaintiff. The facts admit of this construction. The checks were also payable to Scott's order, so that the documentary proofs show an individual transaction between Scott and the defendant. It was neither alleged nor proved that the transaction was to evade the statute, or that the plaintiff was privy to any such intent. The law favors an innocent rather than a wrongful construction of the acts of parties. It does not favor forfeitures, and equity often relieves from them. The defendant seeks by technical pleas to defeat the collection of honest obligations to pay, and is entitled to no especial favor from the court in aid of his design. The defense is devoid of merit, and has no equity to commend it. As we remarked before, the defendant was the only witness, and, being interested, the trial judge was not bound to accept his interpretation of the transaction through which he sought to avoid the payment of money he ought to have restored, and that promptly at maturity. This is particularly so in view of the fact that Scott, the payee, is dead. The court of appeals has shown a disposition to relieve from the penalties of the statute where it can consistently be done. See *Bank* v. *Krug,* 102 N. Y. at page 335, 6 N. E. Rep. 682. The evidence in the present instance fails to make a case sufficiently clear to warrant us in holding that the statute is applicable, and that the notes are void. Upon the entire record we find that no injustice was done. The result is sufficiently sustained by the proofs, and the judgments must be affirmed, with costs.